592 P.2d 178

**MARBERRY SALES, INC., a New Mexico Corporation, Plaintiff-Appellee,**

v.

**D. W. FALLS, Individually, et al., Defendants-Appellees.**

**MARBERRY SALES, INC., a New Mexico Corporation, Plaintiff-in-Interpleader-Appellee,**

v.

**Jack HELLER, Defendant-in-Interpleader-Appellant,**

**MARBERRY SALES, INC., Plaintiff-Appellee,**

v.

**Jack T. HELLER, Defendant-Appellant,**

and

**William Weiss, Defendant.**

No. 12028.

Supreme Court of New Mexico.

March 6, 1979.

Ken Neundorf, Joe Duran, Albuquerque, Saul M. Meadow, Beverly Hills, Cal., for Jack Heller.

Ahern & Montgomery, Robert D. Montgomery, Albuquerque, for Marberry Sales.

Rodey, Dickason, Sloan, Akin & Robb, Kenneth R. Brandt, Albuquerque, for First Nat. Bank of Albuquerque.

Keleher & McLeod, Arthur O. Beach, Albuquerque, for D. W. Falls.

## OPINION

SOSA, Chief Justice.

The issue presented in this cause is whether the trial court erred in denying appellant's motion to set aside a default judgment entered against him on May 19, 1976. We find no error in the trial court's refusal to set aside the default judgment and affirm the judgment below.

Marberry Sales, Inc., (plaintiff-appellee) filed suit against D. W. Falls, Falls Land and Development Corporation, Inc., First National Bank of Albuquerque, Morris Shenker, and S. & F. Corporation (defendants-appellees) on July 30, 1975, seeking to recover a real estate commission due upon the sale of a large amount of land. Jack Heller (appellant), a California real estate broker, was joined as defendant in interpleader on January 22, 1976. Personal service was effected on appellant in California on April 15, 1976.

Appellant's attorney contacted plaintiff-appellee's attorney by telephone on May 11, 1976, requesting that the time in which appellant was required to file his answer or challenge the court's jurisdiction be extended. Both attorneys agreed that the time would be extended up to and including June

8, 1976. Default judgment was entered against appellant on May 19, 1976. Appellant first learned of the default judgment on November 2, 1977. He filed his first pleading in the case on November 23, 1977, when he moved to vacate the May 19, 1976 judgment. He appeals from the trial court's denial of said motion.

Appellant could have successfully sought to set aside the May 19, 1976 default judgment by appealing the judgment at the time it was entered or by filing a motion for relief under N.M.R. Civ.P. 55(c) and 60(b), N.M.S.A. 1978. The time for appeal has long since expired. See *Wehrle v. Robison*, 92 N.M. 485, 590 P.2d 633 (1979).

■ In order for a court to set aside a default judgment under Rule 60(b), the moving party must show a meritorious defense or cause of action and the existence of grounds for opening or vacating the judgment. *Springer Corporation v. Herrera*, 85 N.M. 201, 510 P.2d 1072 (1973). Rule 60(b) provides six bases for granting relief from a final judgment or order which are:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

■ A motion for relief under Rule 60(b)(1), (2) or (3) may have been proper if it had been filed within the statutory time limitation applicable to those subsections, namely, not more than one year after the May 19, 1976 judgment. However, eighteen months have elapsed from the entry of the default judgment to the time of appellant's motion for setting aside the default judgment. The judgment cannot be vacated under subsections (4) or (5) since there is no suggestion that the judgment is void or that it has been satisfied, released or discharged, or that a prior judgment upon which it is based has been reversed or otherwise vacated. Thus, the only other remedy available to appellant would be under Rule 60(b)(6), which provides for relief from a final judgment if a motion is filed within a "reasonable time."

■ We have recently stated that exceptional circumstances must be established by an individual seeking relief under Rule (60)(b)(6). *Wehrle, supra* ; *Parks v. Parks*, 91 N.M. 369, 574 P.2d 588 (1978). Whether a defendant's motion to set aside a default judgment should be granted rests within the trial court's discretion. *Gengler v. Phelps*, 89 N.M. 793, 558 P.2d 62 (Ct. App. 1976); *Gallegos v. Franklin*, 89 N.M. 118, 547 P.2d 1160 (Ct. App. 1976), *cert. denied*, 89 N.M. 206, 549 P.2d 284 (1976). A trial court's ruling on such a motion will not be reversed unless there is an abuse of discretion. *Springer Corporation, supra* ; *Conejos County Lbr. Co. v. Citizens Savings & L. Ass'n*, 80 N.M. 612, 459 P.2d 138 (1969). In exercising discretion to set aside such judgments, courts should keep in mind that default judgments are not favored and that causes should generally be tried upon their merits. *Springer Corporation, supra* ; *Gengler, supra*.

■ The chronology of the events in this case show no abuse of discretion. Appellant was represented by counsel in all of these proceedings, yet the first time he filed any pleading was in November of 1977, almost two years after he was joined as a party in interpleader. During all this time, appellant and his attorney were aware that the case was pending. They knew that they had differences with plaintiff-appellee, yet did nothing to participate in the cause of action. In addition, at no time before or after June 8, 1976, the date agreed upon for filing an answer, did appellant or his attorney file an entry of appearance or respon-

sive pleading. Finally, appellant acknowledges that our Rules of Civil Procedure for District Courts do not require that a party who has failed to appear in the action be given notice of a default judgment entered against him. In light of appellant's actions, it cannot be said that the trial court's entry of default judgment constituted an abuse of discretion.

For the foregoing reasons, and so that the policy considerations of finality of judgments and reliance thereon will be served, we hereby affirm the decision of the trial court.

IT IS SO ORDERED.

McMANUS, Senior Justice, and EASLEY, J., concur.