648 P.2d 791

Lorenzo FRANCO and Maria Franco,
husband and wife,
Plaintiffs-Appellees,

v.

FEDERAL BUILDING SERVICE, INC., a
New Mexico corporation,
Defendant-Appellant.

No. 13748.

Supreme Court of New Mexico.

July 13, 1982.

Mercer, Lock & Keating, Duane F. Keating, Albuquerque, for defendant-appellant.

Martin & Meyer, Robert N. Meyer, Carlsbad, for plaintiffs-appellees.

## OPINION

PAYNE, Justice.

This case involves a race to the courthouse in a contract dispute between residents of Eddy and Bernalillo Counties. One party reached the courthouse first but the others perfected service of process first. While motions were pending in the first suit filed, a default judgment was entered in the other suit. The defaulted party appeals.

Lorenzo and Maria Franco entered into a home improvement contract with Federal Building Service (Federal). A dispute arose

over the adequacy of Federal's performance. After several months of negotiations, Federal, on February 24, 1981, filed a complaint in Bernalillo County District Court seeking to recover from the Francos the balance of the contract price. On March 25, 1981, the Francos filed suit in Eddy County against Federal for recision and restitution. Federal was served with the Francos' complaint on April 2; the Francos were served with Federal's on April 6. In the Bernalillo County action, Federal moved on April 16 for a stay against the Eddy County proceedings, and a hearing on the motion was set for May 12. On May 5, the day following the deadline for filing Federal's answer to the Francos' complaint, the clerk of the Eddy County District Court entered a certificate of default against Federal. Federal responded to the default on May 8, requesting that the court not enter judgment on the default and attaching its proposed answer and counterclaim. On May 11, the Eddy County District Court conducted a hearing on the issue of whether to enter a default judgment and on the issue of the amount of damages. At the close of the hearing, the court entered judgment against Federal in the amount of $5,939.85.

We treat Federal's action in the Eddy County suit as a motion to set aside the default under Rule 55(c), N.M.R.Civ.P., N.M.S.A.1978 (Repl.Pamp.1980), because the trial court had not yet entered the judgment on the default. Thus, we decide whether the court properly exercised its discretion when it denied Federal's motion. We reverse.

■ Although the granting of a default judgment lies within the sound discretion of the trial judge, *see Wooley v. Wicker*, 75 N.M. 241, 403 P.2d 685 (1965), we have repeatedly held that defaults are not favored and cases should be decided on their merits. *See, e.g., Marberry Sales, Inc. v. Falls*, 92 N.M. 578, 592 P.2d 178 (1979). We note that we have never dealt with the precise issue before us here, and that we have previously examined the exercise of discretion in the context of motions to set aside default judgments under Rule 60(b), N.M.R.Civ.P., N.M.S.A.1978 (Repl.Pamp. 1980).

■ Rule 55(c), which provides that "[f]or good cause shown, the court may set aside an entry of default," is identical to the federal rule, and we look to federal case law for guidance. Generally, before the trial court will set aside an entry of default, the defendant must demonstrate both that he had good cause for failing to answer and that he had a meritorious defense. *See* 6 Moore's Federal Practice ¶ 55.10[1] (2d ed. 1982). This showing is a lesser one than that required under Rule 60(b). *See id.* ¶ 55.10[2]; 10 C. Wright & A. Miller, Federal Practice and Procedure § 2692 (1973).

■ We have held that in deciding a case under Rule 60(b), a trial court should be liberal in determining what is a good excuse and what is a meritorious defense. *See Springer Corporation v. Herrera*, 85 N.M. 201, 510 P.2d 1072 (1973). There, the court must balance the policy in favor of trials on the merits with the conflicting policy in favor of the finality of judgments. *See id.* Here, however, the former policy clearly prevails because the motion to set aside the entry of default is made before there is a final judgment. Therefore, in determining whether the entry of a default should be set aside under Rule 55(c), a trial court should be more liberal and resolve all doubts in favor of the party declared to be in default.

In its "Response to Notice of Default Judgment," Federal stated that its attorney "was absent from his office for the week immediately preceding the answer date on this matter and was in trial on two (2) consecutive days, the day of said answer date and the day following said answer date." Federal also stated that its attorney "did not intentionally fail to answer said claim but that the date on which that answer was due was not calendared by the Defendant's [Federal's] attorney and in the absence of said attorney and in the prepara-

tion of trial of other causes, said attorney did inadvertently miss said date." The court found that Federal had not shown good cause why the default should be set aside; the court failed to reach the issue of meritorious defense.

The court was well aware of the parties' race to the courthouse and procedural maneuverings, and the posture of the two suits. The Francos stated that one of their reasons for quickly moving for a default judgment was to prevent Federal's obtaining the stay against the Eddy County proceedings. Focusing its inquiry on Federal's filing an action in Bernalillo County against Eddy County residents, the court dwelled on the propriety of the Bernalillo County suit and that court's actions. The court invited the Francos to move for a stay of the proceedings in Bernalillo County, stating, "I'll be glad to sign one today and see what [the Bernalillo County judge] can do with that tomorrow."

■ Although the court was best situated to judge the credibility of Federal's assertions, *see Wooley v. Wicker, supra,* we find that the trial court abused its discretion. In evaluating Federal's showing, the court failed to apply a liberal standard favoring a trial on the merits. Although we realize that races to the courthouse are all too frequent, a default judgment was not the proper remedy here. Nor is a default judgment a tool to be used in a dispute over forum non conveniens or the propriety of another court's actions. The trial court's concern with the Bernalillo County suit cannot be defended as a proper evaluation of the equities. The court's consideration of those proceedings did not constitute an examination of the effect on the Francos of setting aside the default, and therefore cannot be said to be a consideration of the intervening equities. *See Springer Corporation v. Hererra, supra; General Telephone Corp. v. General Telephone Ans. Serv.,* 277 F.2d 919 (5th Cir. 1960).

Because the trial court failed to apply the appropriate standard in determining whether Federal showed good cause and a meritorious defense, we reverse the entry of the default and the judgment based on it. The case is remanded with directions to vacate the default judgment and to proceed in a manner consistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., and FEDERICI, J., concur.

SOSA, Senior Justice, respectfully dissenting.