651 P.2d 1314

**Ralph DYER, Plaintiff-Appellant,**

v.

**George PACHECO, Defendant-Appellee.**

**No. 5818.**

Court of Appeals of New Mexico.

Sept. 30, 1982.

Kevin M. Brown, Shwartz & Loughren, Albuquerque, for plaintiff-appellant.

Edward T. Curran, Eric Scott Jeffries, Menig, Sager, Curran & Sturges, P.C., Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

The trial court vacated a default judgment granted plaintiff. Plaintiff was granted an interlocutory appeal. We affirm.

The chronology of the proceedings follow:

(1) On June 22, 1978, plaintiff filed a complaint against defendant. It alleged that on March 16, 1976, plaintiff and defendant were on a business trip from New Mexico to Texas when defendant negligently caused an accident in which plaintiff suffered damages in the sum of $50,000.00.

(2) On July 5, 1978 summons and complaint were served on defendant.

(3) On December 21, 1978, a petition in intervention was filed against plaintiff seeking satisfaction of a judgment in the amount of $25,041.22.

(4) On September 17, 1980, more than two years after plaintiff's complaint was filed, the district court entered an order "that the above case is dismissed with prejudice for lack of prosecution."

(5) On October 16, 1980, (a) plaintiff moved the court to set aside the order of dismissal in "that the dismissal was premature and inadvertant" [sic]; (b) the court ordered the action reinstated as to defendant only and ten days allowed to file pleadings; (c) plaintiff filed an affidavit as to military service of defendant; (d) plaintiff moved the court for a default judgment; (e) default judgment was entered against defendant in the sum of $50,000.00 and costs; (f) the clerk's certificate of non-appearance was filed after the judgment was entered.

(6) On March 25, 1981, a transcript of the docket of the judgment was entered in the district court clerk's office.

(7) On October 21, 1981, one year and four days after the judgment was entered, plaintiff had a subpoena duces tecum issued by the clerk. It was served on defendant the same day. It commanded defendant to appear before a court reporter on October 28, 1981 and bring with him:

[A]ll records pertaining to your income for the years 1979, 1980, and 1981, including but not limited to wage records, etc., together with copies of your insurance policies in effect at the time of the accident to present (March 17, 1976 to present).

(8) On January 8, 1982, plaintiff gave notice to defendant, in care of his attorney, to appear before court reporters on Tuesday, January 19, 1982, for a Supplemental Proceeding and bring with him the items mentioned in the subpoena.

(9) On January 18, 1982, defendant filed a motion to vacate the judgment pursuant to Rule 55(c) and Rule 60(b) of the Rules of Civil Procedure.

(10) Prior to a hearing held on April 22, 1982, defendant filed an affidavit in which he stated inter alia that:

11. As soon as I received the Complaint, I took it directly to Andy Baca, the soliciting agent for Republic Insurance Co., who sold me the policy. Mr. Baca said he would promptly turn it over to the insurance company and not to worry about it.

12. I never heard anything about the Complaint again until about a month or two ago when I was served with a subpoena requiring me to bring all financial papers for the last four or five years to a deposition set up by Plaintiff's attorney; I turned these papers over to Andy Baca immediately.

13. Approximately two days later, Gary Gunther, an adjuster for the Republic Insurance Company, called asking about the subpoena and previous complaint, both of which he and the Republic Insurance Company had apparently just found out about.

Four other affidavits were filed by those who were employees of the local Albuquerque insurance office in 1978 and one affidavit was filed by an assistant secretary in charge of casualty claim losses of Republic Insurance Company. These affidavits established that Republic never received the 1978 process and complaint filed by plaintiff.

(11) On April 22, 1982, a hearing was held on defendant's motion to vacate the default judgment. Oral argument was made and discussions occurred between the court and opposing lawyers.

(12) On June 11, 1982, an order was entered that the default judgment entered on October 16, 1980, be vacated and the action reinstated on the court's docket.

Plaintiff filed no affidavits and, although present at the April 22, 1982, hearing, plaintiff did not testify. Plaintiff failed to explain (1) why his complaint lay dormant in the clerk's office for two years and 3 months after the complaint was filed and process served and over four years from the date of the accident; (2) why dismissal of plaintiff's complaint by the court for lack of prosecution was premature and inadvertent; (3) why plaintiff waited over two years from the date process was served on

defendant to obtain a default judgment in the sum of $50,000.00 without any proof of damages and without notice to defendant; (4) why plaintiff waited for one year and five days to elapse after the default judgment was entered to seek defendant's financial records and insurance policy; (5) why plaintiff, who was on a business trip with defendant over six years ago, did not communicate with defendant to determine whether defendant had delivered the process and complaint to his insurance company, or whether defendant intended to defend the action. It is unreasonable to believe that plaintiff did not know the whereabouts of defendant. Yet no notice of the motion for default was given defendant within the spirit of Rule 55(b) of the Rules of Civil Procedure. *See, Dean Witter Reynolds, Inc. v. Roven,* 94 N.M. 273, 609 P.2d 720 (1980).

■ "A motion to set aside a default judgment is addressed to the sound discretion of the trial judge, whose ruling will not be reversed except for abuse of that discretion." *Springer Corporation v. Herrera,* 85 N.M. 201, 202, 510 P.2d 1072 (1973). The trial court did not abuse its discretion in vacating the default judgment.

■ Plaintiff contends that the trial court improperly applied Rule 60(b)(6). Under this rule the court may relieve a party from a final judgment for "(6) any other reason justifying relief from the operation of the judgment." To obtain relief under Rule 60(b)(6), defendant must establish the existence of exceptional circumstances. *Marberry Sales, Inc. v. Falls,* 92 N.M. 578, 592 P.2d 178 (1979). This rule originated in *Battersby v. Bell Aircraft Corporation,* 65 N.M. 114, 332 P.2d 1028 (1958). The court stated that Rule 60(b) "may be invoked only upon a showing of exceptional circumstances." [Id. 117, 332 P.2d 1028.] "Exceptional circumstances" has not been defined or catalogued. "Exceptional" usually means "out of the ordinary." Webster's New International Dictionary 791 (3rd ed. 1966). "Cir-

cumstances are facts or things standing around or about some central fact." *State of Maryland v. United States,* 165 F.2d 869, 871 (4th Cir. 1947). "Exceptional circumstances" means facts or things out of the ordinary standing around or about some central fact. The central fact in the instant case is the vacation of a default judgment.

■ To obtain relief under Rule 60(b)(6), defendant must establish facts or things standing around or about the default judgment, not common or ordinary, that justifies relief in the mind of the court. This rule is broad and expansive in scope. In other words, defendant must show "good cause" to be relieved from the onerous burdens and consequences of defaults and default judgments. Rule 55(c) provides that if a judgment for default has been entered, the court may set it aside "for good cause shown." When Rules 55(c) and 60(b) are read together "exceptional circumstances" and "good cause shown" are synonymous. "For good cause shown" means that the district court must be satisfied that facts or questions of law involved, or both, make it a part of wisdom to set aside the default judgment. This constitutes an evaluation of the circumstances shown and a determination made in the exercise of the court's discretion that the circumstances are exceptional or that good cause was shown.

■ Any doubts about whether relief should be granted are resolved in favor of the defaulting defendant because default judgments are not favored in the law; that "in the absence of a showing of prejudice to the plaintiff," causes should be tried upon the merits. *Springer Corporation,* supra; *Herrera v. Springer Corporation,* 85 N.M. 6, 15, 508 P.2d 1303 (Ct.App.1973), Sutin, J., dissenting, rev'd *Springer Corporation,* supra.

■ Whether "exceptional circumstances" have been established or "good cause shown" calls for a factual appraisal by the court in each case in the exercise of

sound discretion. We agree with the trial court who stated at the close of the case that defendant "did all that was required of him. That is, he took it [legal papers] to his insurance carrier, which was a reasonable thing to do." In addition, after process was served on defendant, plaintiff did nothing for over two years until the complaint was dismissed for lack of prosecution. To reinstate the action, sufficient reasons must be shown to satisfy the court. *See, Lucas v. City of Juneau,* 20 F.R.D. 407 (D.Alaska 1957). In the instant case, no record was made and no explanation made in this Court. Plaintiff presented an order to reinstate the action along with default judgment proceedings and secured the signature of the court. After default judgment was entered, one year and four days elapsed before defendant proceeded against plaintiff to avoid the one year limitation period allowed defendant in Rule 60(b)(1), (2) and (3).

■ These "exceptional circumstances," unexplained in the record, run in favor of defendant. A party who seeks to obtain and sustain a default judgment under these "exceptional circumstances" cannot challenge the discretion exercised by the trial court in vacating the default judgment.

Plaintiff, silent on his own conduct, charges defendant with lack of diligence in determining the status of his case. He relies on *Ben Sager Chemicals Intern. v. E. Targosz & Co.,* 560 F.2d 805 (7th Cir. 1977). It differs in three vital respects: (1) the district court *denied* defendant's motion to vacate the default judgment; (2) defendant was represented by a lawyer who was grossly negligent in his duties and failed to inform defendant of the progress of the case; and (3) the district judge was not fully convinced of the diligence of defendant. What was said of defendant and his attorney applies with equal force to plaintiff and his attorney in the instant case, not the defendant. *See, Rogers v. Lyle Adjustment Company,* 70 N.M. 209, 372 P.2d 797 (1962).

No authority has been cited that defendant, an insured, who immediately gives process and complaint to his insurance agent, is grossly negligent or ordinarily careless, in not making inquiry as to the progress of the action. Generally, insureds are ordinary persons who know that they must promptly deliver to the insurer legal papers received in connection with an accident, cooperate with the insurer in the settlement or defense of any action; that the insurer will provide a lawyer for the insured to defend the action; that it will settle or defend as it considers appropriate to the limit of its liability. After having delivered the legal papers, an insured feels secure in his position. He believes that he will receive maximum protection consistent with the insurance policy and his reasonable expectations. *See, Pribble v. Aetna Life Insurance Company,* 84 N.M. 211, 501 P.2d 255 (1972). Inquiry must come from the lawyer to the insured not from the insured to the lawyer. Defendant did not lack diligence in failing to inquire about the status of his case. For 39 months, plaintiff, a business associate of defendant, with knowledge of defendant's whereabouts and insurance coverage, used every procedural device for unaccountable reasons to hold Republic Insurance Company liable, and if not, to strangle defendant by creating additional extensive litigation.

Finally, plaintiff argues that defendant failed to file his motion to vacate the default judgment within a reasonable time under Rule 60(b)(6). It merits no response.

AFFIRMED. Plaintiff shall pay the costs of this appeal.

LOPEZ, J., concurs.

WOOD, J., specially concurs.

WOOD, Judge (specially concurring).

The trial court set the default judgment aside under clause 6 of R.Civ.Proc. 60(b). The propriety of this action is the dispositive appellate issue.

To set aside any default judgment under R.Civ.Proc. 60(b), defendant must show

there is a meritorious defense and the existence of grounds for setting the judgment aside. *Marberry Sales, Inc. v. Falls,* 92 N.M. 578, 592 P.2d 178 (1979). Defendant's showing of a meritorious defense was uncontradicted. *See Springer Corporation v. Herrera,* 85 N.M. 201, 510 P.2d 1072 (1973). Only the grounds for setting aside the judgment are in issue.

Relief under clause 6 is authorized when appropriate to accomplish justice and requires a showing of exceptional circumstances. *Parks v. Parks,* 91 N.M. 369, 574 P.2d 588 (1978). Inasmuch as the trial court's order will be reversed only for an abuse of discretion, *Marberry Sales Inc. v. Falls, supra,* the question is whether the trial court's view of exceptional circumstances was not in conformity to law and, therefore, an abuse of discretion. *Springer Corporation v. Herrera, supra.*

In considering the question of exceptional circumstances:

1. It is incorrect to equate the "exceptional circumstances" of clause 6 for setting aside a judgment with the "good cause" required under R.Civ.Proc. 55(c) to set aside an entry of default prior to judgment. *See Franco v. Federal Bldg. Service, Inc.,* 98 N.M. 333, 648 P.2d 791 (1982). Clause 6 is a residual clause to cover unforeseen contingencies and exceptional situations. 7 Moore's Federal Practice ¶ 60.27[2] (2d ed. 1982). Thus the "good cause" of the first five clauses may not be utilized for relief under clause 6. *Parks v. Parks, supra.*

2. However, in determining exceptional circumstances, the trial court "should keep in mind that default judgments are not favored and that causes should generally be tried upon their merits." *Marberry Sales, Inc. v. Falls, supra.* Moore's, *supra,* at 362, states that default judgments "must be considered against a background of general preference for disposition of cases on their substantive merits."

The following items, considered in light of the preference for trial on the merits,

were a sufficient showing of exceptional circumstances:

(a) The trial court's evaluation that defendant "did all that was required of him. That is, he took it [the suit papers] to his insurance carrier, which was a reasonable thing to do."

(b) Defendant was misled into inaction when the insurance agent "said he would promptly turn it [the suit papers] over to the insurance company and not to worry about it." The insurance company never received the suit papers from the agent and, thus, never employed counsel to defend plaintiff's suit.

(c) Plaintiff's knowledge that defendant was insured and that insurance coverage had never been denied. Plaintiff negotiated with the insurance company prior to the time suit was filed.

(d) The entry of a default judgment for $50,000.00 without any proof of damages. *See* R.Civ.Proc. 55(e); *Gallegos v. Franklin,* 89 N.M. 118, 547 P.2d 1160 (Ct. App.1976).

(e) Plaintiff's lack of action to collect the default judgment until the one year period for relief under clause 1 of R.Civ. Proc. 60(b) had expired.

(f) Defendant's lack of knowledge of the default judgment until the one year period for relief under clause 1 had expired, and the undisputed showing that the only bar to relief under clause 1 was the one year time limitation.

The "exceptional" aspect of the above circumstances is that defendant was originally misled into inaction and that plaintiff, with knowledge of insurance coverage, avoided alerting defendant to the need to take action in connection with an erroneous damage judgment until clause 1 relief was barred. The trial court did not abuse its discretion in setting aside the default judgment; setting the default judgment aside, under clause 6, was appropriate to accomplish justice.