660 P.2d 115

**Ethel May THOMPSON,
Petitioner-Appellee,**

v.

**John Ross THOMPSON,
Respondent-Appellant.**

**No. 14534.**

Supreme Court of New Mexico.

March 11, 1983.

Kool, Kool, Bloomfield & Hollis, John L. Hollis, Albuquerque, for petitioner-appellee.

Michael H. Schwarz, Santa Fe, for respondent-appellant.

Michael M. Rueckhaus, Albuquerque, for special master.

## OPINION

FEDERICI, Justice.

On June 9, 1977, plaintiff-appellee (plaintiff) Ethel May Thompson, filed a petition for divorce against defendant-appellant (defendant) John Ross Thompson, in the District Court of Torrance County. On June 12, 1978, the divorce was granted. The trial court attempted to effect a property settlement between the parties. The primary asset in the community is a 1,200 acre ranch located in Torrance and Bernalillo Counties. Pursuant to N.M.R.Civ.P. 37, N.M.S.A.1978 (Repl.Pamp.1980), sanctions were imposed against defendant for noncompliance with plaintiff's discovery motions. On November 6, 1980, the parties reached a compromise on partition of the community assets, including the ranch. A compromise partition was ordered enforced by an order filed April 21, 1981. Defendant refused to comply with the partition order, contending that the ranch was part of an inter vivos trust and was therefore not subject to partition by the court. Judgment divesting title was filed on July 10, 1981. In Cause No. 13,878, defendant appealed to this Court the partition of the community assets. This Court dismissed the appeal. Upon remand in that case, the trial court entered judgment divesting title and an order to that effect was filed on July 14, 1982. Defendant appeals. We affirm.

We discuss:

1. *The mandate in Cause No. 13,878.*
2. *Whether the trial court abused its discretion by not hearing defendant's Rule 60(b) motion.*
3. *Whether defendant's due process rights were violated.*
4. *Whether the Special Master is biased against defendant.*

### 1. The Mandate.

Defendant maintains that while this Court dismissed his appeal in Cause No. 13,878, nonetheless the appeal did not involve the fundamental issues of whether he was cognizant of certain proceedings regarding partition of the ranch. Pursuant to N.M.R.Civ.P. 60(b), N.M.S.A.1978 (Repl. Pamp.1980), defendant urges that the trial court should have heard his claim that he was not made aware of any proceeding involving him and the ranch property. We do not decide whether Cause No. 13,878 was an adjudication on the merits. The record is clear that defendant never appealed the January 30, 1980 order entered by District Judge Franchini. That order provided for the partition of the ranch, and the other assets of the community. The court further found that from August 22, 1979 to the date of the hearing and until the entry of the order, defendant has attempted to avoid actual service upon him of pleadings, motions, orders and notices in these proceedings; defendant resisted plaintiff's discovery motions and as a result, sanctions were imposed against the defendant; that any deeds pertaining to the ranch, including the so-called inter vivos trust instrument, be set aside and be declared a nullity.

■ The attempt in this case to use Rule 60(b)(6) to reopen the case after all of the previous proceedings is a clear attempt to circumvent what would otherwise constitute an untimely appeal. *Gedeon v. Gedeon,* 96 N.M. 315, 630 P.2d 267 (1981). All of these matters have been adjudicated and are now res judicata. *Smith v. Smith,* 98 N.M. 468, 649 P.2d 1381 (1982).

■ On remand of our previous mandate, the district court heard no new issues, claims or causes of actions, but properly entered an order in compliance with the mandate of this Court. New Mexico has long adhered to the rule that a mandate of an appellate court is binding and must be strictly observed by the trial court. *Fortuna Corporation v. Sierra Blanca Sales Co., Inc.,* 89 N.M. 187, 548 P.2d 865 (1976). Here, the trial court was merely effecting our mandate on remand. *Glaser v. Dannel-*

*ley,* 26 N.M. 371, 193 P. 76 (1920). Because the time for appeal regarding issues pertaining to partition of the ranch has long since passed, defendant's Rule 60(b) motion may not be used to circumvent the allowed time limit for such an appeal. *Jemez Properties, Inc. v. Lucero,* 94 N.M. 181, 608 P.2d 157 (Ct.App.), *cert. denied,* 94 N.M. 628, 614 P.2d 545 (1980).

### 2. Defendant's Rule 60(b) Motion.

■ Defendant contends that the trial court abused its discretion in denying defendant's Rule 60(b) motion. In order to vacate a judgment under Rule 60(b), the movant must show the existence of a meritorious defense or cause of action and proper grounds for reopening the judgment. *Marberry Sales, Inc. v. Falls,* 92 N.M. 578, 592 P.2d 178 (1979). Six potential grounds for vacating a final judgment are provided under Rule 60(b): (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under 60(b)(1), (2) or (3) must be filed within one year; those subsections are unavailable to defendant as this appeal was commenced in 1982, more than one year from January 30, 1980, the date of the trial court's appealable order. Rule 60(b)(4), (5) and (6) may be presented within a "reasonable time." There is no suggestion that the judgment has been satisfied, released or discharged, or that a prior judgment upon which it is based has been reversed or vacated. Neither is prospective application of the judgment inequitable, therefore relief under Rule 60(b)(4) and (5) is not available to defendant. The only relief available to defendant is under Rule

60(b)(6). In order to obtain relief under 60(b)(6), the movant must show exceptional circumstances, *other* than those advanced under 60(b)(1) through (5). *Marberry Sales, Inc. v. Falls, supra.* Defendant has presented no issues other than those previously disposed of by the January 30, 1980 order. The record discloses no proof of exceptional circumstances which would warrant the trial court to grant relief under 60(b)(6). The trial court did not abuse its discretion in denying defendant's 60(b) motion. *Jemez Properties, Inc. v. Lucero, supra.*

### 3. Due Process.

Defendant next contends that his due process rights were violated because he was never properly put on notice concerning the proceeding involving the ranch property. U.S. Const.amend. V, XIV; *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Defendant's contention is that the district court, the Special Master, and the plaintiff, were aware that defendant's address during the course of the proceedings was a veteran's hospital in Denver, Colorado. However, the record shows that the nature of the "notice" sent to the district court, and thereby apparently communicated to the Special Master and the plaintiff, was a letter dated September 10, 1979, with a postscript at the bottom of the letter. The postscript provided: "P.S. The VA hospital is sending me to Denver VA hospital for an operation." In the text of the same letter defendant stated, "I've taken a vacation and filed a change of address at the P.O. so I can get my mail." The change of address was for an Arizona address.

■ Under the facts and circumstances as they appear in the record, we are convinced that the district court, the Special Master and the plaintiff substantially complied with N.M.R.Civ.P. 5(b), N.M.S.A.1978 (Repl.Pamp.1980), by directing notice of various proceedings involving the defendant and the ranch to defendant's *last known address.* The record is replete with copies

of the various mailings to the defendant. Defendant's *last known address* was P.O. Box 23, Edgewood, New Mexico. A letter to Judge Franchini indicating that the defendant was going to "take a vacation," or that he was going to Arizona, or that he was going to a veteran's hospital in Denver "for an operation," but for an unspecified time, is not a designation of a permanent change of address sufficient to alert the district court, the Special Master and the plaintiff that defendant's mail should be sent to Arizona, Colorado, or elsewhere than to his last known address in Edgewood. Service upon the defendant was properly made by mailing the notices to the defendant's *last known address. Myers v. Kapnison,* 93 N.M. 215, 598 P.2d 1175 (Ct. App.1979).

### 4. Bias.

■ Defendant maintains that the Special Master demonstrated a bias against defendant because of his intervention in this litigation as an amicus curiae. Defendant relies upon *State v. Scarborough,* 75 N.M. 702, 410 P.2d 732 (1966). On August 13, 1979, the trial court entered an order appointing a Special Master to effect partition of the ranch. N.M.R.Civ.P. 53(a), N.M.S.A. 1978 (Repl.Pamp.1980), specifically provides that the trial court may, in appropriate cases, appoint a Special Master. The Special Master then must do "all acts and take all measures necessary or proper for the efficient performance of his duties under the order." N.M.R.Civ.P. 53(c), N.M.S.A. 1978 (Repl.Pamp.1980). *See generally Lopez v. Singh,* 53 N.M. 245, 205 P.2d 492 (1949).

From the record in this case it can hardly be said that the Special Master, appointed by the court to effect the partition of the ranch, demonstrated bias by seeking to carry out the necessary measures implicit in the court's order and in his duty to sell the property. Indeed, if any referee should willfully fail to discharge his duties, intentionally disregard an order of reference or otherwise fail to perform his duties, then the trial court could remove him for good and substantial reasons. *Coburn v. Roanoke Land and Timber Corporation,* 257 N.C. 222, 125 S.E.2d 593 (1962). Here, we are satisfied that the Special Master did not demonstrate bias, but undertook the necessary steps to perform his duty of selling the ranch and assisting the court in bringing this case to an end. C.J.S. References § 72 (1952). Defendant has not shown proper grounds for setting aside the Special Master's report.

The trial courts and this Court have a duty to resolve and conclude issues and to put an end to litigation, particularly where final orders have been entered for some time, the time for appeal has run, and no new error or injustice is left for this Court to review. *State v. Montoya,* 94 N.M. 704, 616 P.2d 417 (1980).

The judgment and orders of the trial court are affirmed and the cause is remanded for further proceedings consistent with this opinion.

Plaintiff shall recover costs expended and attorney fees in the amount of $2,000 for this appeal.

IT IS SO ORDERED.

PAYNE, C.J., and RIORDAN, J., concur.