This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FLOYD YAZZIE and MARIE YAZZIE**,

Plaintiffs-Appellants,

v.                                              NO.   28,375

**CHAVA TRUCKING**,

Defendant-Appellee,

and

**COYOTE GRAVEL PRODUCTS, INC.**,

Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ted Baca, District Judge**

Bowles & Crow
Jason Bowles
B. J. Crow
Albuquerque, NM

for Appellants

Domenici Law Firm, P.C.
Pete V. Domenici, Jr.
Lorraine Hollingsworth

Albuquerque, NM

for Appellee

# MEMORANDUM OPINION

**ROBLES, Judge.**

Floyd and Marie Yazzie (Plaintiffs) appeal from the district court order setting aside a default judgment entered against Defendant Chava Trucking (Chava) in the amount of $800,000. Having considered the arguments advanced by both Defendant and Plaintiffs, we affirm.

## I.    BACKGROUND

This case arises from an automobile accident in which Floyd Yazzie collided with the back end of a water truck driven by an employee of Coyote Gravel Products, Inc. (Coyote). Coyote had leased the truck from Chava. Plaintiffs filed claims against Chava, Coyote, and the driver of the truck.

The default judgment at issue in this action came about following a motion by Chava's attorney to withdraw as counsel. As the basis for withdrawal, Chava's counsel indicated that his client was not responding to his attempts to communicate and, as a result, a conflict had arisen. The district court granted the motion to withdraw and ordered Chava to obtain counsel within twenty days because as a corporation Chava could not proceed pro se.

A few days before trial the district court called a pretrial conference to address issues relating to Chava's presence at the trial. The wife of the president of Chava,

was present at the pretrial conference. She informed the court that (1) her husband, Salvador Guzman, had been involved in a serious automobile accident; (2) Guzman had a broken pelvis and was undergoing multiple surgeries; (3) the accident occurred around the time the district court had ordered Chava to find new counsel; (4) Guzman would be unable to appear at the trial; and (5) counsel had not been obtained. Plaintiffs waived the personal appearance of Guzman and advocated that the district court not vacate the trial setting. The district court decided to proceed with trial.

When the trial commenced on October 15, 2007, neither a representative from Chava nor new counsel for Chava was present. Plaintiffs contend that, at this point, they moved for default judgment, and it was granted. The district court discussed with the parties how the jury would be instructed regarding Chava's absence. The court determined it would inform the jury that Chava had not appeared, and that there was no attorney of record representing them at the time of trial. Plaintiffs presented their case. A special verdict form including Chava was submitted to the jury. The jury determined that while at least one Defendant was negligent, neither Defendants' negligence was a cause of Plaintiffs' injuries.

Following the trial, Plaintiffs filed a motion for default judgment. A hearing was held in which the district court took judicial notice of the evidence presented at trial, and the court entered an order of default, awarding Plaintiffs $800,000 against

4

Chava. Nine days later, Chava's newly obtained counsel moved to set aside the default judgment pursuant to Rule 1-060 (B)(1), (3), and (4) NMRA. The district court granted the motion. The court determined that Plaintiffs had the opportunity to fully litigate the case against Chava and entered a judgment on the jury's verdict, finding that Chava was not the cause of Plaintiffs' injuries. Plaintiffs appeal the district court order.

**II.    DISCUSSION**

Plaintiffs contend on appeal that the district court correctly entered default judgment against Chava in the amount of $800,000, and that it was an abuse of discretion for the district court to set aside the default judgment. This Court does not address Plaintiffs' contention that the district court correctly entered default judgment against Chava, as we conclude that it was not an abuse of discretion for the district court to set aside the default judgment under the circumstances presented by this case.

**A.    Standard of Review**

This Court reviews a district court's decision to set aside a default judgment for an abuse of discretion. *See Sunwest Bank v. Roderiguez*, 108 N.M. 211, 213, 770 P.2d 533, 535 (1989). A district court has abused its discretion in setting aside a default judgment if its decision constituted arbitrary or unreasonable action. *See id.* In determining whether the district court's decision to set aside the default judgment was

proper, we must also keep in mind that our courts have "counseled trial courts to be liberal in determining the existence of grounds that satisfy Rule [1-0]60(B) . . . because default judgments are disfavored and causes generally should be tried upon their merits." *Sunwest Bank*, 108 N.M. at 213, 770 P.2d 535. Thus, "in the absence of a clear showing of abuse of discretion where the trial court grants the motion, the appellate court will not disturb the order." *Springer Corp. v. Herrera*, 85 N.M. 201, 203, 510 P.2d 1072, 1074 (1973) (internal quotation marks and citation omitted), *overruled on other grounds by Sunwest Bank*, 108 N.M. at 214, 770 P.2d at 536.

To set aside a default judgment, the movant must demonstrate grounds for opening or vacating the judgment and a meritorious defense. *See Rodriguez v. Conant*, 105 N.M. 746, 749, 737 P.2d 527, 530 (1987) ("A party seeking relief from a default judgment must show the existence of grounds for opening or vacating the judgment and a meritorious defense or cause of action."). "There must also not be any intervening equities that would render setting aside of the default inequitable." *DeFillippo v. Neil*, 2002-NMCA-085, ¶ 24, 132 N.M. 529, 51 P.3d 1183. In determining whether it was proper to set aside a default judgment, our courts generally consider whether (1) relief from the judgment was sought quickly, (2) the movant acted willfully in failing to participate in the proceedings, and (3) the non-movant would be prejudiced. *See Springer Corp.*, 85 N.M. at 203, 510 P.2d at 1074 (noting

that the defendant made "a prompt application for relief, did not exhibit willfulness in failing to heed the process of the court, and did make a substantial showing of excusable neglect"); *Sunwest Bank*, 108 N.M. at 214, 770 P.2d at 536 (considering the length of delay before the movant requested the judgment be set aside and whether the movant was deliberately attempting to ignore her legal obligations); *Dyer v. Pacheco*, 98 N.M. 670, 673, 651 P.2d 1314, 1317 (Ct. App. 1982) (indicating that we should consider prejudice to the plaintiff in determining whether to set aside a default judgment), *overruled on other grounds by Chase v. Contractors' Equip. & Supply Co.*, 100 N.M. 39, 43, 665 P.2d 301, 305 (Ct. App. 1983).

Plaintiffs raise arguments consistent with these considerations. Specifically, Plaintiffs contend that (1) they were prejudiced by having to proceed to trial without Chava; (2) the reason for Chava's delay in appearing with counsel was not because of the automobile accident, but due to Chava's failure to communicate with its former counsel and engage in the proceedings; and (3) the default judgment should not be set aside after Chava made knowing and voluntary choices not to participate at trial and disregarded numerous court orders. We address Plaintiffs' arguments below.

**B.      Grounds for Opening or Vacating the Judgment**

Chava moved to have the default judgment set aside under multiple provisions of Rule 1-060(B), including subsection Rule 1-060(B)(1) on the grounds of excusable neglect. *See Gandara v. Gandara*, 2003-NMCA-036, ¶ 23, 133 N.M. 329, 62 P.3d 1211 (noting that the "criteria of Rule 1-060(B) are used when setting aside an entry of default judgment by the trial court").  Whether a movant's conduct amounts to excusable neglect depends on the facts and circumstances of each case. *See Sunwest Bank*, 108 N.M. at 214, 770 P.2d at 536 (holding that, in ruling on motions to set aside judgment pursuant to Rule 1-060(B)(1), courts should analyze claims of excusable neglect based on the circumstances of each case).  "In ruling on a motion under Rule [1-060(B)], the trial court has discretion, within the confines of justice, to decide and act in accordance with what is fair and equitable." *Mendoza v. Mendoza*, 103 N.M. 327, 332, 706 P.2d 869, 874 (Ct. App. 1985).

In this case, Chava moved the district court to reconsider its ruling nine days following the district court's entry of default judgment. Furthermore, Chava asserted that excusable neglect existed because its president, Guzman, had been involved in a serious automobile accident and had been unable to deal with any work issues, including the district court's order that he secure counsel to represent his corporation at trial.  Based on these circumstances, we cannot conclude that the district court

8

abused its discretion in finding that excusable neglect existed where we have previously upheld district court determinations of excusable neglect based on less compelling facts. *See, e.g.*, *Sunwest Bank*, 108 N.M. at 214, 770 P.2d at 536 (declining to hold that the district court had abused its discretion in determining excusable neglect existed where the defaulting party was unaware that she was required to defend against the litigation given the particular circumstances of her marital dissolution).

Although Plaintiffs argue that Chava was required to demonstrate exceptional circumstances to warrant setting aside the default judgment, we note that other bases for relief under Rule 1-060(B) may result in a default judgment being set aside, such as excusable neglect. *See, e.g.*, *Adams v. Para-Chem S., Inc.*, 1998-NMCA-161, ¶ 21, 126 N.M. 189, 967 P.2d 864 ("Rule 1-060(B)(1) requires a defaulted defendant to show both applicable grounds for vacating the judgment—for example, excusable neglect—and a meritorious defense."). Plaintiffs contend that grounds for setting aside the judgment under Rule 1-060(B) do not exist because the reason for the delay was not the injuries suffered by Guzman in the automobile accident, but was the result of a voluntary and conscious decision by Chava to ignore numerous orders of the district court. Plaintiffs contend that a calculated and voluntary decision cannot provide the basis for relief under Rule 1-060(B). While we agree that calculated and

9

voluntary decisions cannot provide the basis for relief under Rule 1-060(B), *see Benavidez v. Benavidez*, 99 N.M. 535, 539, 660 P.2d 1017, 1021 (1983) (stating that Rule 1-060(B) cannot be used to relieve a party from free and conscious choice), Plaintiffs' argument—that Chava's failure to participate in the trial was voluntary—is unavailing.

Plaintiffs argue that prior to Guzman's accident, Chava failed to communicate with its counsel which resulted in Chava's counsel moving to withdraw. Plaintiffs further argue that Guzman had a full opportunity to hire counsel by either instructing an employee to hire counsel, or by picking up a phone and hiring an attorney since, as Plaintiffs point out, Guzman only had a pelvic injury. Based on the record before this Court, it appears that, during the initial pendency of this litigation, Plaintiffs had informed Chava that it would move to dismiss Chava from the case, and that Chava as a result only minimally participated in pretrial litigation. Plaintiffs filed a motion to dismiss Chava, but subsequently withdrew their motion, and indicated their intent to fully litigate the case with Chava as a Defendant. Approximately twenty days later, Chava's counsel filed a motion to withdraw, asserting that Chava was not responding to counsel's attempts to communicate. Although Plaintiffs attempt to present Chava's failure to communicate with counsel as Chava having engaged in dilatory practices, we are reluctant to accept this characterization where the record demonstrates that

Chava went from believing it was being dismissed from the case to suddenly having to prepare for an imminent trial. The record demonstrates that Chava's counsel attempted to contact Chava for a period of less than three weeks prior to moving to withdraw. Given that Chava's role in the litigation dramatically shifted and given the short period of time Chava was uncommunicative in relation to the overall duration of the litigation, we conclude that the district court did not abuse its discretion in determining that Chava did not act in bad faith. Nor are we persuaded that Chava's failure to appear at trial or obtain counsel prior to trial or the hearing on default evidences bad faith. To the extent Plaintiffs contend that Chava had previously engaged in dilatory tactics by filing a suggestion of bankruptcy that was later withdrawn, Plaintiffs point to nothing in the record that would suggest that Chava filed the suggestion of bankruptcy for the purpose of delaying the litigation.

Here, Chava made a prompt application for relief, demonstrated excusable neglect for its failure to participate in the trial, and did not exhibit willfulness in failing to heed the process of the district court. *See Springer Corp.*, 85 N.M. at 203, 501 P.2d at 1074; *see also Sunwest Bank*, 108 N.M. at 214, 770 P.2d at 536 (stating that "by moving quickly to set aside the judgment [ten days after judgment was entered, the movant] demonstrated that she was not deliberately attempting to ignore her legal obligations," and concluding that the district court did not abuse its

11

discretion in finding excusable neglect). Although Plaintiffs argue that Chava's actions can be construed differently, the district court's refusal to construe Chava's actions as Plaintiffs suggest does not constitute an abuse of discretion. *See Talley v. Talley*, 115 N.M. 89, 92, 847 P.2d 323, 326 (Ct. App. 1993) (stating that it is not an abuse of discretion when reasons both supporting and detracting from a decision exist).

Moreover, our cases instruct that the district court should be liberal in determining whether or not excusable neglect exists. *See Sunwest Bank*, 108 N.M. at 213, 770 P.2d at 535 (noting that, in deciding motions to set aside default judgment under Rule 1-060(B)(1), district courts should apply a liberal standard in determining the existence of excusable neglect). "Stated another way, the policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary." *Springer Corp.*, 85 N.M. at 203, 501 P.2d at 1074 (internal quotation marks and citation omitted). Applying this liberal standard for determining if excusable neglect exists and given this Court's standard of review and the facts surrounding Chava's failure to appear at trial, we cannot conclude that the district court abused its discretion in determining that Chava demonstrated excusable neglect.

## C.    Prejudice

"[B]ecause default judgments are generally disfavored, '[a]ny doubts about whether relief should be granted are resolved in favor of the defaulting defendant' and, 'in the absence of a showing of prejudice to the plaintiff, causes should be tried upon the merits.'" *Gandara*, 2003-NMCA-036, ¶ 9 (alteration in original) (quoting *Dyer*, 98 N.M. at 673, 651 P.2d at 1317). Thus, a showing of prejudice by Plaintiffs could render the setting aside of a default judgment inequitable. *See Chase*, 100 N.M. at 46, 665 P.2d at 308 ("[W]hen the plaintiff will be prejudiced . . . relief may be denied.").

Plaintiffs attempt to demonstrate prejudice by arguing that (1) they did not fully litigate the claims against Chava, and (2) Chava's absence resulted in Plaintiffs being unable to admit an affidavit by Chava's president that would have helped Plaintiffs' case. We are unpersuaded that Plaintiffs were prejudiced by the district court setting aside the default judgment. The affidavit Plaintiffs refer to provides that (1) the water truck was not compliant with Department of Transportation requirements; (2) Chava was aware of the truck's non-compliance; and (3) Chava had leased the truck to Coyote for in-yard use. To the degree the affidavit demonstrates that the truck was not compliant with Department of Transportation regulations, Plaintiffs were able to introduce other evidence regarding the truck's deficiencies. Further, to the extent the

13

affidavit demonstrates knowledge by Chava and Coyote of the truck's non-compliance, this would appear to be evidence of breach, not causation. Plaintiffs were successful in establishing a breach as reflected by the jury verdict, but not causation. We therefore conclude that Plaintiffs have failed to demonstrate any prejudice from the exclusion of the affidavit because Plaintiffs have not demonstrated that the evidence, if admitted, would have likely changed the outcome of the case. *See Cumming v. Nielson's, Inc.*, 108 N.M. 198, 203-04, 769 P.2d 732, 737-38 (Ct. App. 1988) ( "[T]he complaining party on appeal must show the erroneous admission and exclusion of evidence was prejudicial in order to obtain a reversal."); *cf.* Rule 11-103(A) NMRA ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected[.]"); *Santa Fe Custom Shutters & Doors, Inc. v. Home Depot U.S.A., Inc.*, 2005-NMCA-051, ¶ 32, 137 N.M. 524, 113 P.3d 347 (stating that where there is a "high probability" that improper evidence may have influenced the fact finder, a substantial right has been affected) (internal quotation marks and citation omitted).

Plaintiffs also assert, more generally, that they were prejudiced because they did not fully litigate the case against Chava since the district court had already indicated it would enter default as to liability. Plaintiffs, however, have not directed this Court to any additional evidence they would have presented, other than the affidavit

addressed above if default had not been entered. *See In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

Plaintiffs also contend that they were prejudiced because they suffered the emotional and economical expense of trial. Plaintiffs' argument is unavailing since Plaintiffs advocated in favor of proceeding to trial without Chava despite their acknowledgment that they may have to retry the case against Chava. *See Cordova v. Taos Ski Valley, Inc.*, 121 N.M. 258, 263, 910 P.2d 334, 339 (Ct. App. 1995) ("A party who has contributed, at least in part, to perceived shortcomings in a trial court's ruling should hardly be heard to complain about those shortcomings on appeal."). To the extent Plaintiffs argue that setting aside the default judgment would result in the parties starting over, the district court's order does not require any further proceedings. Instead, as Chava points out, a new trial is not necessary because the district court resolved the matter by entering a judgment based on the jury's verdict that Chava was not a cause of Plaintiffs' injuries. Finally, we note that, in addition to not demonstrating prejudice, Plaintiffs, in not submitting the full trial transcript, did not prepare enough of the record for this Court to conduct its own independent review of the potential prejudice to Plaintiffs. *See Dillard v. Dillard*, 104 N.M. 763, 765, 727 P.2d 71, 73 (Ct. App. 1986) (providing that it is the duty of the appellant to provide

a record adequate to review the issues on appeal). Based on the information before this Court, we cannot conclude that the district court abused its discretion in determining that there were no intervening equities that would prevent default judgment from being set aside.

**D.     Meritorious Defense**

Plaintiffs contend that the district court erred in granting Chava's motion to set aside the default judgment because Chava did not plead a meritorious defense. In support of their argument, Plaintiffs assert that a party seeking relief from a default judgment must plead a meritorious defense, and that the party must do so "by setting forth relevant legal grounds substantiated by a credible factual basis." We agree that, generally, "[a] party seeking relief from a default judgment must show the existence of grounds for relief under Rule 1-060(B), and a meritorious defense." *See Sunwest Bank*, 108 N.M. at 213, 770 P.2d at 535. "[T]he meritorious defense component of the analysis is also reviewed for abuse of discretion." *See Magnolia Mountain Ltd. P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 12, 139 N.M. 288, 131 P.3d 675; *Sunwest Bank*, 108 N.M. at 214, 770 P.2d at 536 ("The finding of a meritorious defense is addressed to the sound discretion of the trial court; in making that determination the court should be liberal."). In determining whether there has been an abuse of discretion, "'our review of the application of the law to the facts is

conducted de novo.' Accordingly, we may characterize as an abuse of discretion a discretionary decision that '[is] premised on a misapprehension of the law.'" *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (alteration in original) (citations omitted). Based on the specific facts of this case, we hold that the district court did not abuse its discretion in determining that the same pleading requirements were not applicable here, and that a meritorious defense had been demonstrated.

Although the district court stated at the hearing that it was not ruling on the issue of a meritorious defense, the district court went on to state that the reason was because this was a different type of case where a verdict had been entered and then discussed how the element of causation addressed in that verdict demonstrated that Chava had a meritorious defense. Our Supreme Court has stated that "there is no universally accepted standard as to what satisfies the requirement that a party show a meritorious defense." *Sunwest Bank*, 108 N.M. at 214, 770 P.2d at 536 (internal quotation marks and citation omitted). The purpose, however, of requiring a meritorious defense is to "ascertain whether there is some possibility that the outcome of the suit after trial will be different from the result achieved by the default." *Id.*

We agree with the district court that this case is remarkably different from other default judgment cases. More importantly, this case is different from those default

17

judgment cases setting out the requirement that a meritorious defense be pleaded with sufficient factual specificity and support. *See id.* (holding that "to establish the existence of a meritorious defense sufficient to warrant setting aside a default judgment the movant must proffer some statement of underlying facts to support the allegation"); *Magnolia Mountain. Ltd. P'ship*, 2006-NMCA-027, ¶ 15 (stating that "a litigant attempting to show a meritorious defense is subject to a heightened pleading requirement"). Under the specific circumstances of this case where the defendant has answered and participated in the litigation and does not appear at trial, the trial proceeds against the other defendants, and the jury is still presented with the question of the defaulting party's liability, the result of the trial satisfies the requirement that the movant present a meritorious defense. In other words, the district court was able to clearly ascertain that the result of the trial would be different from the result garnered through default. We therefore hold that, under the unique facts of this case, it was not an abuse of discretion for the district court to determine that the requirement that the movant present a meritorious defense was satisfied.

III.   CONCLUSION

For the reasons stated above, we affirm the district court's order setting aside the default judgment.

18

**IT IS SO ORDERED.**

_____

**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**