This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**THOMAS GRIEGO**
**and DONALD GRIEGO,**

    Plaintiffs-Appellants,

v.                                   **NO. 30,621**

**GILBERT GRAVES**
**and DEBBIE GRAVES,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

Law Office of Ted J. Trujillo
Ted J. Trujillo
Adan E. Trujillo
Española, NM

for Appellants

O'Friel & Levy PC
Pierre Levy
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiffs appeal the denial of their motion brought under Rule 1-060(B) NMRA. We proposed to dismiss Plaintiffs' appeal, or alternatively, to affirm the denial of Plaintiffs' motion. In response, Plaintiffs have filed a memorandum in opposition. We have considered the claims made by Plaintiffs, but we are not persuaded by them. We therefore dismiss the appeal.

As discussed in our calendar notice, Plaintiffs failed to file a notice of appeal with the district court. *See* Rules 12-201(A)(2) & 12-202(A) NMRA; *Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (holding that time and place requirements for filing a notice of appeal are mandatory preconditions to appellate review). When a party fails to comply with mandatory preconditions for filing the notice of appeal, this Court looks to the circumstances. *See Govich*, 112 N.M. at 230, 814 P.2d at 98. "Only the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). Plaintiffs claim that they timely filed the notice of appeal with this Court, and the omission of the district court from their service documents was corrected when the docketing statement was filed. Plaintiffs' explanations do not qualify as unusual

circumstances beyond their control. We decline to hear Plaintiffs' appeal. We therefore dismiss the appeal.

Moreover, even if we decided to hear the appeal, we would affirm the denial of Plaintiffs' motion. The motion was filed under Rule 1-060(B)(4) & (6) NMRA. Plaintiffs claimed that the 2008 judgment was void because the district court did not comply with Rule 1-063 NMRA, which provides that "[i]f a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties." Here, prior to entry of the final judgment, the district judge entered an "Order Recognizing Authority of Successor Judge to Enter Judgment Based on Trial Judge's Decision." [RP 2032] In that order, the district judge pointed out that Plaintiffs did not dispute the district judge's authority to enter judgment. [Id.] Based on the fact that Plaintiffs did not dispute the district court's authority to complete the case and the fact that the district court entered a detailed order explaining why it was entering its final judgment, we would reject Plaintiffs' argument under Rule 1-060(B)(4) that the judgment was void.

For purposes of Rule 1-060(B)(6), Plaintiffs claim exceptional circumstances on several bases, including the long history of the case, the decision entered by the first judge just prior to her retirement, non-compliance with Rule 1-063, the failure of

the third judge to set a second hearing, and the denial of a motion by the fourth judge based on lack of jurisdiction. [RP 2371-72] "Exceptional circumstances" include facts or circumstances that are out of the ordinary that are "around or about" a central fact, and that "justifies relief in the mind of the court." *Dyer v. Pacheco*, 98 N.M. 670, 673, 651 P.2d 1314, 1317 (Ct. App.1982) (internal quotation marks and citation omitted), *overruled on other grounds by Chase v. Contractors' Equip. & Supply Co.*, 100 N.M. 39, 43, 665 P.2d 301, 305 (Ct. App. 1983); *see also Lopez v. Wal-Mart Stores, Inc.*, 108 N.M. 259, 262, 771 P.2d 192, 195 (Ct. App. 1989). We do not agree that Plaintiffs have demonstrated exceptional circumstances in this case.

For the reasons discussed in this opinion and those included in our calendar notice, we dismiss Plaintiffs' appeal.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**