582 P.2d 1283

**Arthur W. MOORE, Jr., Shirley Ann Noah, Howard J. Edwards and Mary C. Martin, Plaintiffs-Appellees,**

v.

**Sherry E. SUSSMAN, Laura E. Staley and Barbara Edwards, Defendants-Appellants.**

**No. 11790.**

Supreme Court of New Mexico.

Aug. 16, 1978.

Gordon H. Schnaufer, Ruidoso, for defendants-appellants.

Bill G. Payne, Carrizozo, for plaintiffs-appellees.

## OPINION

SOSA, Justice.

This cause presents the question of whether or not the trial court after appointing commissioners in an action for partition, pursuant to § 22–13–1 *et seq.*, N.M.S.A. 1953, may contravene the recommendation from the commissioners without first filing findings of fact and conclusions of law expressing the reasons for not following such recommendation. We vacate the trial court's order and remand the cause to it to enter proper findings of fact and conclusions of law. We decide that no decision from the trial court may be filed without proper findings of fact and conclusions of law supporting its decision.

This suit was brought in the District Court of Lincoln County requesting partition or sale of certain lands owned jointly by the parties. The land involved consists of one large ranch of approximately 3400 acres, a small parcel of unfenced land not adjacent to the large ranch consisting of 320 acres, and three other small parcels of land in the townsite of Oscuro. Pursuant to § 22–13–1 *et seq.*, the trial court appointed commissioners and a hearing was held on their report.

The commissioners' report stated that they went to the premises and viewed all the lands, tenants and hereditaments. The commissioners reached a unanimous decision that the 320 acre parcel which was separate and apart could be divided. However, they also found that the large ranch could not be divided without manifest prejudice to the owners. Consequently, the commissioners proceeded to appraise the real estate. § 22–13–7, N.M.S.A.1953 (Supp.1975). The trial court ordered partition of all the property and defendants appealed.

The trial court's order was to the effect that appellants should receive the 320 acre vacant unfenced tract plus the three small parcels of land, and the appeals were awarded the 3400 acre working ranch. In rendering its decision the trial court never stated its reasons for overruling the commissioners' report.

■ The rule is plain. The trial judge is required to file his decision in a single document consisting of the findings of ultimate fact and conclusions of law, stated separately. *Sanchez v. Sanchez,* 84 N.M. 498, 505 P.2d 443 (1973); *Moore v. Moore,* 68 N.M. 207, 360 P.2d 394 (1961); N.M.R.Civ.P. 52(B)(a)(1) [§ 21–1–1(52)(B)(a), N.M.S.A. 1953 (Repl.1970)]. This is true even though the appellants never tendered any requested findings of fact and conclusions of law. *Edington v. Alba,* 74 N.M. 263, 392 P.2d 675 (1964).

In the case at bar, the trial court's order, not having been substantiated by findings of fact nor conclusions of law, must be vacated.

This cause is remanded to the trial court for entry of findings of fact and conclusions of law.

IT IS SO ORDERED.

McMANUS, C. J., and FEDERICI, J., concur.