706 P.2d 869

**Lupe A. MENDOZA (Urban), Plaintiff-Appellee,**

v.

**Porfirio MENDOZA, Defendant-Appellant.**

**No. 7461.**

Court of Appeals of New Mexico.

Aug. 29, 1985.

Theodore C. Baca, Albuquerque, for plaintiff-appellee.

Elizabeth Cunningham, Roswell, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Porfirio Mendoza (husband) appeals from an order issued by the trial court approximately nine years after the entry of the decree of divorce. The single issue raised by husband on appeal challenges the jurisdiction of the district court to modify the property interests of the parties in parcels of real estate. We reverse.

## FACTS:

The parties were divorced in Chaves County on July 18, 1974. The final decree, in addition to ordering a dissolution of the marriage of the parties, awarded custody of the minor children to the wife, divided the community indebtedness, and directed that two tracts of real estate acquired during the marriage of the parties would thereafter be held by husband and wife as tenants in common.

The portion of the decree of divorce applicable to ownership of the community real estate provided:

4. The parties have as community property an equity in a home located on five acres of land, and a home located on one acre of land, both properties being a part of Lot II, Block 9, Berrendo Irrigated Farms Subdivision. Both properties are being purchased under contracts of sale from M.B. Wiggins and Mona Wiggins.

Predicated upon the foregoing finding of fact, the decree ordered that:

The real property owned by the parties ... henceforth is to be held as tenants in common. The parties shall discharge the obligations of the contracts of sale on the property in which they are now living, and each pay the cost of maintenance of his or her property. When and if either, or both, properties are sold the parties shall divide equally any net profit realized therefrom.

The two tracts described in the decree, consisted of separate but adjoining parcels of rural property. Each tract had a house located thereon, similar in size, appearance and condition. Wife was awarded possession of the larger tract which was 2.1 acres in size. This tract was initially purchased by the parties under a real estate contract in 1968 for $5,500. The second parcel awarded to husband is .93 acres in size, and was purchased in 1972 for $6,000.

It is undisputed that at the time of the divorce, the interests of the parties in the two tracts were held as community property. On the date of the divorce, the wife and eight children of the parties occupied the house on the larger tract and husband lived in the other tract.

Following the divorce, the parties continued in possession of the houses on their respective parcels of property. Wife continued to occupy her home. Husband occupied his house for approximately three months after the divorce, but subsequently vacated the property and has rented it. The wife has continually maintained and greatly improved the home in which she was living since the divorce.

Improvements made by wife to the house she was occupying included the addition of four rooms, a fireplace, carpeting, completion of exterior finishing, erection of corrals, a barn, septic tank, and landscaping.

On March 10, 1981, husband filed a motion seeking a transfer of custody of two of the children of the parties and requested that the properties "held by the parties as tenants in common be sold and the equity be divided between the parties." Thereafter, on February 14, 1983, husband again filed a motion with the court in the original divorce case reciting that upon agreement of the parties, the court entered an order changing custody of the two of the children to husband but that the "question of property division has never come before the Court." The motion further requested that the "real estate left undivided at the time of the divorce should now be divided."

A hearing was held on husband's motion on May 11, 1983 and each of the parties presented evidence and testimony. At the hearing, husband requested that the smaller parcel of property be granted to him outright and that the larger parcel of property be granted to the wife, subject to wife paying him a fair price for his share of the greater equity value in the larger tract. Wife agreed with husband's request, although she contested the amount that she should be required to pay husband for the difference in the equity values of the two properties.

Both husband and wife called real estate appraisers to testify at the hearing on the motion. Husband's appraiser testified that

he had examined and appraised both parcels of property in September 1982 and had reinspected the tracts a month prior to the hearing. Husband's appraiser stated his opinion that the tract in which wife was given a possessory interest had a market value of $58,000, and that the tract in which husband had a possessory interest had a value of $15,000. Husband's appraiser admitted that he based his appraisal of the wife's tract on the assumption that it was a five-acre parcel of land, rather than a 2.1 acre parcel, and that he had based his appraisal value of the wife's tract on land values of $2,000 per acre. At the hearing, husband argued that he was entitled to an equitable share of the increase in the value of the improvements to the wife's tract by her and contended that a portion of the enhanced value of her tract was due to the natural appreciation of property values in the area.

The appraiser called by the wife testified that he had appraised the two properties in 1976, and that the wife's tract was worth $12,936 and husband's property was worth $5,760 at that time.

Thereafter, the court entered findings of fact and conclusions of law. The court found in applicable part as follows:

5. The tract in possession of the wife was at the time of divorce more valuable than the tract in possession of the husband.

6. Since the divorce, the wife has maintained and improved the property in her possession, and has increased the value of the property by reason of improvements and maintenance. The husband has not maintained the tract in his possession, and the property has deteriorated in value.

7. The husband desires to sell and dispose of the tract in his possession. The wife does not desire to sell the tract in her possession.

8. An equitable partition of the parcels between the parties would be to set over to wife the parcel to which she has previously been given possessory right, and to set over to husband the parcel to which he has been given possessory right, and further to allow husband to have an equitable lien against wife's parcel in the amount of $3,000.00 with said sum to be discharged at the rate of $50.00 per month and bearing an interest rate of 6% per annum on the paid [sic] balance.

The court concluded that "[t]he judgment in this matter should be modified in conformity with the findings".

Husband filed an appeal from order of the district court modifying the award of real property between the parties.

## JURISDICTION OF THE COURT

Husband argues on appeal that the trial court granted relief different from that requested by him in his motion for sale and division of the proceeds. Husband contends that since wife did not appeal from the original decree of divorce which specified that the parties would hold the two parcels of realty owned by them as tenants in common, the court lacked jurisdiction to modify its prior judgment and order a partition of the two parcels of property. Implicit in this argument is a claim that the order from which husband appeals in fact modified, rather than enforced, the prior decision. The husband points out that, although the parties presented testimony concerning the market value of the two tracts of realty, the court did not adopt a specific finding determining the value of the respective parcels and argues that a finding as to the valuations of the two tracts is an essential prerequisite to ordering partition of realty. Husband further asserts that, absent a stipulation by the parties, the only means by which the original decree of divorce could be modified would be pursuant to NMSA 1978, Civ.P. Rule 60(b) (Repl.Pamp.1980), on the ground of mistake, excusable neglect, newly-discovered evidence, or fraud. Husband contends that relief under Rule 60(b) may be granted only upon timely application and a showing of the existence of exceptional circumstances.

Wife contends on appeal that during the hearing on husband's motion, the parties

agreed that either party could purchase the other's interest in the realty and that since husband had requested relief by his motion, the trial court was invested with jurisdiction to fashion an equitable remedy.

Did the trial court have jurisdiction to modify its prior decision concerning the interests of the parties over the realty held by them as tenants in common?

We hold that the order from which the husband appeals does modify the prior judgment. The court's conclusion of law evidences an intent to modify; the findings are not consistent with the provision in the decree of divorce that the parties would hold the property as tenants in common. The order of partition may represent an intent to redesignate the property as community property subject to division or to recognize present interests as if the property had been partitioned at an earlier time. In either case, the order cannot be viewed as enforcing, rather than modifying, the prior decision. Thus, the appellate issue is narrow.

■ After the expiration of the time within which to appeal a decree awarding a divorce, allocating responsibility for community debts, and declaring the interests of the parties in the property acquired during marriage, the court in the original proceeding loses jurisdiction to modify the decree except under the provisions of Rule 60(b), or where relief is sought to modify child custody, child support, or alimony pursuant to NMSA 1978, Section 40–4–7(C) (Repl. Pamp.1983). *See Benavidez v. Benavidez,* 99 N.M. 535, 660 P.2d 1017 (1983) (motion to modify terms of decree of divorce relating to community debts and to add provision for alimony, denied; final divorce decree which incorporated the property settlement was not modifiable absent a proper showing under Rule 60); *Wehrle v. Robison,* 92 N.M. 485, 590 P.2d 633 (1979) (motion to modify terms of property settlement denied after expiration of year and five months following entry of final decree); *Parks v. Parks,* 91 N.M. 369, 574 P.2d 588 (1978) (motion to modify decree to obtain greater share of ex-husband's military pen-

sion denied after expiration of more than three and one-half years); *Perez v. Perez,* 75 N.M. 656, 409 P.2d 804 (1966) (modification of decree allowed under Rule 60(b) where wife at time of divorce was pregnant and subsequently child was born; original decree contained no provision for custody or child support).

Husband's motion for modification of the terms of the decree dissolving the marriage of the parties did not refer to Rule 60(b) as a basis for modification of the decree and, at the hearing on the motion, no showing was made of any facts amounting to exceptional circumstances warranting the granting of relief under Rule 60(b)(6).

■ Prior to the expiration of the time within which an appeal may be taken, the district court is authorized to change, modify, correct or vacate a judgment on its own motion. *Nichols v. Nichols,* 98 N.M. 322, 648 P.2d 780 (1982).

A party seeking modification of the provisions of a decree of divorce in order to change the distribution of property, after passage of the time for the taking of an appeal, must show the existence of proper grounds for reopening the judgment. As stated in *Thompson v. Thompson,* 99 N.M. 473, 475, 660 P.2d 115, 117 (1983):

Six potential grounds for vacating a final judgment are provided under Rule 60(b): (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under 60(b)(1), (2) or (3) must be filed within one year.... Rule 60(b)(4), (5) and (6) may be presented within a "reasonable time." ... In order to obtain relief under 60(b)(6), the mov-

ant must show exceptional circumstances, *other* than those advanced under 60(b)(1) through (5). [Emphasis in original.]

■■■ In the instant case, husband's second motion seeking modification of the property rights of the parties under the decree of divorce was filed February 14, 1983, more than nine years after dissolution of the marriage of the parties. Rule 60(b) balances the competing principles encouraging finality of judgments on onehand, and permitting relief against unjust judgments on the other. Recitation of the precise basis for the relief sought is not controlling; the court must look to the substance of the relief sought. *Koppenhaver v. Koppenhaver*, 101 N.M. 105, 678 P.2d 1180 (Ct.App.1984). In ruling on a motion under Rule 60(b), the trial court has discretion, within the confines of justice, to decide and act in accordance with what is fair and equitable. The trial court's decision will be reversed on appeal only upon a showing of a clear abuse of discretion. *Id.; Freedman v. Perea*, 85 N.M. 745, 517 P.2d 67 (1973). Under these circumstances and in view of the long passage of time, the trial court only retained jurisdiction to modify the vested property rights of the parties under Rule 60(b)(6), based upon some showing by the husband of the existence of "exceptional circumstances." *Dyer v. Pacheco*, 98 N.M. 670, 651 P.2d 1314 (Ct.App. 1982). Exceptional circumstances means facts or things out of the ordinary bearing upon a central fact. *Id.* A review of the record fails to indicate the existence of any exceptional circumstances warranting the modification of the property rights of the parties under Rule 60(b). A party seeking relief through the reopening of a final decree of divorce under Rule 60(b) has the burden of proof to establish facts indicating the existence of grounds sufficient to invoke the equitable powers of the district court. *Thompson v. Thompson.*

In the absence of a timely showing of facts entitling a party to relief under Rule 60(b)(1–5), or a showing of exceptional circumstances under Rule 60(b)(6), the district court lacks jurisdiction to reopen the original divorce proceeding to modify the vested property rights of the parties. *Higginbotham v. Higginbotham*, 92 N.M. 412, 589 P.2d 196 (1979). After the passage of a reasonable period of time following the entry of the original decree of divorce, and absent a showing of exceptional circumstances, a party seeking an adjudication of rights to property acquired during marriage or seeking partition of the property held as tenants in common must file a new action. *See Zarges v. Zarges*, 79 N.M. 494, 445 P.2d 97 (1968); NMSA 1978, Section 40–4–20 (Repl.Pamp.1983).

In *Zarges*, the parties were divorced in April 1965. Twenty months later, the former wife filed a motion in the same action alleging that her ex-husband had failed to pay child support as ordered, reciting *inter alia* that certain community property was never divided between the parties and requesting that the trial court divide the additional property. The trial court found defendant in contempt for failure to make child support payments and also divided certain other property acquired during coverture between the parties. On appeal, defendant asserted that the district court was without jurisdiction to consider and rule upon the property rights of the parties. The supreme court held that the trial court exceeded its jurisdiction in ordering a division of the additional property. The court held:

> The instant case presents a situation where the trial court had exhausted its jurisdiction, and appellee thereafter undertook, in effect, to breathe new life into it. No statute or rule permits of such procedure. Upon the entry of the decree in the divorce action and the passage of time provided for appeal therefrom or to reopen the same, it was final and nothing further could be done in the case beyond the specifically limited continuing power provided in § 22–7–6 [now compiled as Section 40–4–7].

*Id.* at 496, 445 P.2d 97.

In the instant case, since there is no showing of "exceptional circumstances"

under Rule 60(b)(6), the trial court must be deemed to have lost jurisdiction to order modification of the property rights of the parties.

■ A distinction exists between the power of a trial court to modify its judgment under Rule 60(b) and the power of a court to enforce its judgments. *See Zarges v. Zarges; see also* § 40–4–7. As long as a judgment remains in force, the trial court which rendered the judgment retains the authority to enforce its judgment where the court has originally acquired jurisdiction. *See Welser v. Welser,* 54 N.J.Super. 555, 149 A.2d 814 (1959); *Martinez v. Martinez,* 49 N.M. 83, 157 P.2d 484 (1945).

■ Even though the trial court has exhausted its jurisdiction in the original proceeding to modify the property rights of the parties, this does not leave husband or wife without any legal means to divide or allocate the property interests of the parties. Section 40–4–20 provides:

> The failure to divide the property on dissolution of marriage shall not affect the property rights of either the husband or wife, and either may subsequently institute and prosecute a suit for division and distribution, or with reference to any other matter pertaining thereto, which could have been litigated in the original proceeding for dissolution of the marriage.

In addition to the authority invested in the district court under Section 40–4–20, specific statutory authorization may be invoked by a party seeking partition of real estate held as tenants in common, joint tenants or coparcenary in a new action. *See* NMSA 1978, § 42–5–1; *see also Martinez v. Martinez,* 98 N.M. 535, 650 P.2d 819 (1982); *Moore v. Sussman,* 92 N.M. 70, 582 P.2d 1283 (1978). The trial court in making any partition of real estate, has the right to make a determination of the equities as between the parties, *Prude v. Lewis,* 78 N.M. 256, 430 P.2d 753 (1967), and the district court in the exercise of its equitable powers may credit a party with the value of improvements. *Chance v. Kitchell,* 99 N.M. 443, 659 P.2d 895 (1983);

*Lowe v. Adams,* 77 N.M. 111, 419 P.2d 764 (1966).

The order partitioning the interests of the parties in the real estate held by them as tenants in common is reversed.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.