This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARK DANEMANN,**

Petitioner-Appellant,

v.                                                    **NO. 34,378**

**JOANNE MYRUP,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Cuddy & McCarthy, LLP
Julie A. Wittenberger
Santa Fe, NM

for Appellant

Dorene A. Kuffer
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Petitioner Mark Danemann (Husband) appeals from the district court's order

granting Respondent Joanne Myrup's (Wife) motion to set aside the parties' marital settlement agreement (MSA). [RP 191] Based on our review of the docketing statement and record proper, we entered a notice of proposed summary disposition, proposing to dismiss for lack of a final order. Husband has filed a memorandum in opposition to our notice and a motion to amend the docketing statement. We are unpersuaded by Husband's arguments with respect to finality and therefore deny his motion to amend and dismiss this appeal.

{2}     Our notice proposed to hold that because an order vacating a final judgment is not a final order for purposes of appeal, *Hall v. Hall*, 1993-NMCA-038, ¶¶ 2, 7-8, 115 N.M. 384, 851 P.2d 506, the district court's order setting aside the parties' MSA in its entirety [RP 191-94] was not properly before this Court. We do not reiterate our analysis here; instead, we focus on Husband's arguments in his memorandum in opposition and motion to amend.

{3}     Husband contends that the district court did not set aside a final order of the district court, *i.e.*, the stipulated final judgment and decree [RP 54-55]; rather, it set aside the parties' MSA. [MIO 2-4] Hence, Husband argues, the final decree "remains in place and no other final judgment or order in this case has been vacated" and "[t]he order setting aside the parties' [MSA] from which this appeal is taken is final and ripe for review." [MIO 4] This argument is unpersuasive.

2

**{4}** Our case law provides that once a settlement agreement between divorcing spouses has been "adopted and incorporated in [a] final divorce decree, the underlying agreement is deemed to have merged with the decree[.]" *Gordon v. Gordon*, 2011-NMCA-044, ¶ 13, 149 N.M. 783, 255 P.3d 361. In this case, the parties' stipulated final judgment and decree states that "[t]he [m]arital [s]ettlement [a]greement and the [p]arenting [p]lan filed in this matter are incorporated as if fully set forth herein[.]" [RP 55] Accordingly, once the district court did this, the MSA in this case "was no longer simply a contractual agreement between Husband and Wife. It became a judgment of the district court." *Id.* ¶ 14. "As such, the MSA became enforceable in the same manner, and subject to the same limitations, as any other judgment of the district court." *Id.* Pursuant to this authority, Husband's attempt to separate the MSA from the final decree in this case is unavailing.

**{5}** With respect to Husband's argument that "Rule 1-060(B) NMRA is not applicable to the order being appealed[,]" [MIO 7] we are unaware of any authority that excludes marital settlement agreements and resulting decrees from the reach of Rule 1-060(B), and Husband has not cited any such authority. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). In fact, our case law recognizes that Rule 1-060(B) may be used to set aside final divorce decrees in

appropriate circumstances. *See, e.g., Mendoza v. Mendoza*, 1985-NMCA-088, ¶ 20, 103 N.M. 327, 706 P.2d 869 ("After the expiration of the time within which to appeal a decree awarding a divorce, allocating responsibility for community debts, and declaring the interests of the parties in the property acquired during marriage, the court in the original proceeding loses jurisdiction to modify the decree except under the provisions of Rule 60(b)[.]"); *Gordon*, 2011-NMCA-044, ¶ 17 (citing *Mendoza* for the proposition that Rule 1-060(B) could be used to modify an MSA merged into a final decree).

**{6}** Lastly, we deny Husband's motion to amend the docketing statement to include the issue of whether the district court erred in setting aside the MSA pursuant to Rule 1-060(B) because the rule permits only relief from a final order and not from an independent contract between two parties. [MIO 3 ] This argument ignores what we pointed out above: once an MSA has been incorporated into a decree, it is no longer just a contract, but a judgment of the court. The argument also ignores case law, cited above, providing that Rule 1-060(B) may be used to set aside an MSA incorporated into a final decree under appropriate circumstances. In considering the foregoing, we conclude that Husband has not presented a viable issue in his motion to amend, and we therefore deny his motion. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that if counsel had properly briefed the issue, we "would

4

deny defendant's motion to amend because we find the issue he seeks to raise to be so without merit as not to be viable").

{7}     Accordingly, for the reasons set forth in our notice of proposed disposition and in this opinion, we dismiss for lack of a final order.

{8}     **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**