This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38698**

**CHELSEA VAN DEVENTER,**

Plaintiff-Appellant/Cross-Appellee,

v.

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON,**

Defendant-Appellee/Cross-Appellant,

and

**DESERT SPECIALTY UNDERWRITERS, INC. and DESERT SPECIALTY ADJUSTERS, INC.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joshua A. Allison, District Court Judge**

Renee N. Ashley
Albuquerque, NM

Bowles Law Firm
Jason Bowles
Albuquerque, NM

for Appellant

Wiggins, Williams & Wiggins
Patricia G. Williams
Albuquerque, NM

for Appellee Certain Underwriters at Lloyd's London

# MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiff Chelsea Van Deventer sued Certain Underwriters at Lloyd's London (CULL), Desert Specialty Underwriters, Inc. (DSU), and Desert Specialty Adjusters, Inc. (DSA) (collectively, Defendants) for breach of contract, unfair insurance practices, and unfair trade practices after her home was damaged by a windstorm. The district court entered a determination of liability in favor of Plaintiff before trial as a sanction for Defendants' serious discovery violations. At the ensuing trial on damages, a jury found in favor of Plaintiff and awarded compensatory damages, statutory damages, and punitive damages. Plaintiff appeals and Defendant CULL cross appeals, together raising thirteen issues. Detecting no error, we affirm.

## DISCUSSION

### I. Plaintiff's Appeal

**{2}** Plaintiff raises nine issues on appeal. Plaintiff alleges the district court erred by (1) limiting her expert's testimony, (2) striking Plaintiff's claim for tortious bad faith, (3) denying Plaintiff's oral motion for a mistrial and permitting Defendants to raise affirmative coverage defenses to liability at trial, (4) denying Plaintiff's motion to correct the judgment, (5) entering judgment as a matter of law on two of Plaintiff's claims, (6) remitting the jury's punitive damages award, (7) denying the full extent of Plaintiff's requested prejudgment interest, (8) refusing to award all of the attorney fees requested by Plaintiff, and (9) not awarding all of the costs requested by Plaintiff. All of these matters are reviewed for an abuse of discretion except for issues 5 and 6, which are reviewed de novo.[1]

### A. Issues 1-4

---

[1] *See Christopherson v. St. Vincent Hosp.*, 2016-NMCA-097, ¶ 47, 384 P.3d 1098 ("Generally, the district court's rulings as to admissibility of expert testimony are reviewed for an abuse of discretion."); *Lovato v. Crawford & Co.*, 2003-NMCA-088, ¶ 6, 134 N.M. 108, 73 P.3d 246 ("A motion to amend is addressed to the discretion of the [district] court and will not be disturbed unless an abuse of discretion as occurred."); *Jolley v. Energen Res. Corp.*, 2008-NMCA-164, ¶ 24, 145 N.M. 350, 198 P.3d 376 ("A motion to declare a mistrial is addressed to the sound discretion of the trial court, and our review is limited to determining whether that discretion was abused."); *L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 17, 392 P.3d 194 ("Generally, we review a district court's ruling under Rule 1-060(B) [NMRA] for abuse of discretion."); *Goodman v. OS Rest. Servs., LLC*, 2020-NMCA-019, ¶ 25, 461 P.3d 906 (stating that our review of a district court's ruling on a motion for judgment as a matter of law is de novo); *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 36, 140 N.M. 478, 143 P.3d 717 (stating that we review the constitutionality of a punitive damages award de novo); *Holcomb v. Rodriguez*, 2016-NMCA-075, ¶ 26, 387 P.3d 286 ("We review a district court's award of prejudgment interest for an abuse of discretion."); *Cobb v. Gammon*, 2017-NMCA-022, ¶ 60, 389 P.3d 1058 ("We review an award of attorney[] fees for abuse of discretion."); *Marshall v. Providence Wash. Ins. Co.*, 1997-NMCA-121, ¶ 28, 124 N.M. 381, 951 P.2d 76 ("We review appeals involving the granting or denial of an award of costs for abuse of discretion.").

**{3}** We dispose of the first four of Plaintiff's issues summarily. Having reviewed the briefing, the record, and the relevant authority, we conclude each of these issues lacks merit.[2] Plaintiff has neither argued nor established how the district court abused its discretion in handling these matters. *See Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 (explaining that "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred").

## B.      Issue 5: Judgment as a Matter of Law

**{4}** Defendants moved for judgment as a matter of law after trial, arguing that Plaintiff failed to establish that she suffered damages proximately caused by Defendants' violation of the Unfair Practices Act (UPA) and New Mexico's Insurance Code (UPIA). The court granted judgment as a matter of law as to those claims, ruling that Plaintiff did not prove actual damages for those claims. The court determined that Plaintiff was entitled to statutory damages under the UPA in the amount of $100.

**{5}** On appeal, Plaintiff contends the district court erred in determining that she failed to provide evidence establishing damages caused by Defendant's violations of the UPA and UIPA. Defendants' liability on these claims had been determined as a sanction before trial, and Plaintiff had the burden of establishing that Defendants' statutory violations caused damages. While Plaintiff directs us to her own testimony as well as exhibits that were not made part of the record on appeal, nothing in this evidence established that she suffered any loss of money or property beyond the damages caused by the wind event itself. In addition to reviewing the portions of the record cited

---

2Briefly, we summarize our reasoning on these issues as follows:

    (1) Plaintiff's expert, Strzelec, was identified to testify about industry standards and practices, which the district court found had already been determined since it found liability in favor of Plaintiff. The district court reconsidered that position and determined in a Letter Order that Strzelec could testify as to whether "Defendants' conduct was intentional, willful or reckless." Plaintiff has made no argument as to how this was an abuse of discretion.

    (2) Although Plaintiff alleges the district court erred in *striking* her claim for tortious bad faith, Plaintiff never included such a claim in her complaint. Instead, Plaintiff moved to amend her complaint to include tortious bad faith, and the district court denied the motion because, if granted, the deadline to answer would have been after the trial date. Plaintiff has offered no argument as to why she believes the district court erred in denying her motion to amend.

    (3) Plaintiff orally requested a mistrial on the morning of the third day of trial because she was concerned that she would not be able to get through the rest of her witnesses in the time that was remaining and asserted that would be prejudicial. The district court denied the motion, noting that the parties had only requested a three-day trial and that much of the delay during trial was caused by Plaintiff. Plaintiff does not address or acknowledge this aspect of the court's ruling. Instead, she accuses Defendants of bringing forth affirmative defenses, arguing they were prohibited from doing so under an interlocutory ruling on an earlier motion in limine. Plaintiff has not argued on appeal how the district court abused its discretion in denying her motion for a mistrial or addressed the substance of the court's ruling;

    (4) Plaintiff argues that Defendants made misrepresentations regarding the district court's earlier post-judgment interest awards to the district court at a presentment hearing for final judgment—misrepresentations that Plaintiff did not contest at the time. However, Plaintiff offers no argument as to how the district court abused its discretion in denying the motion to correct judgment.

in Plaintiff's briefing, we carefully reviewed the entire trial transcript and ultimately, we agree with the district court's assessment that the record in this case does not contain evidence establishing that Plaintiff suffered damages as a result of Defendants' violation of the UPA and UIPA. Further, Plaintiff directs us to no authority supporting her argument that the district court applied an incorrect legal standard or otherwise erred in granting judgment as a matter of law on these claims. Accordingly, we will not disturb the district court's judgment. *See ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority).

## C.    Issue 6: Punitive Damages & Remittitur

**{6}**    Plaintiff also challenges the district court's finding that the punitive damages award was excessive and the district court's remittitur reducing her punitive damages award from $750,000 to $35,000. On cross appeal, Defendant CULL argues that there was insufficient evidence to support a punitive damages award in the first place, and therefore, Defendant CULL's motion for judgment as a matter of law on punitive damages should have been granted.

**{7}**    We turn first to Defendant CULL's argument that Plaintiff introduced no evidence of bad faith, malice, or willful or wanton behavior at trial. Having thoroughly reviewed the trial record, we disagree. At trial, Plaintiff testified that she made numerous attempts to contact Defendants in order to get her insurance claim resolved, attempts she testified were ignored. Further, Plaintiff testified that none of Defendants or their representatives attempted to contact her to determine the scope of her claim. Defendant CULL's argument hinges entirely on the assertion that Plaintiff's expert witnesses failed to provide any testimony establishing bad faith or willful or wanton conduct. This argument does not address how any of the other evidence presented—including the lengthy testimony of Plaintiff herself—is insufficient to support the award of punitive damages. Likewise, in ruling on Defendants' motion for a directed verdict at the close of Plaintiff's case in chief, the court noted that the question of whether Defendants acted maliciously, recklessly, or wantonly could go to the jury because Plaintiff's expert had testified as to industry standards, which implied knowledge. Accordingly, we affirm the district court on this issue.

**{8}**    We next turn to the district court's order of remittitur. Plaintiff contends that the punitive damages award was reasonable and that the district court erred in remitting the award from $750,000 to $35,000. As an initial matter, we reject Plaintiff's argument that the district court applied an incorrect legal standard or procedure. The district court correctly looked to the factors laid out in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *Jolley v. Energen Resources Corp.*, 2008-NMCA-164, 145 N.M. 350, 198 P.3d 376, and entered an order detailing its rationale under each factor. *See Jolley*, 2008-NMCA-164, ¶¶ 31-32. The district court, considering reprehensibility, found that the harm was economic and not "a reckless disregard [of] the health and safety of someone[,]" that "[D]efendants were not entirely indifferent to the breach of contract[,]" that "Plaintiff was not financially v[u]lnerable in the way that . . . is defined by the law,"

and that "there was no evidence that this was the, kind of, pattern and practice of [D]efendants in handling property damages cases." The district court concluded that "in looking at each of those kind of weighing factors discussed in *Jolley*, they all weigh in favor of remittitur as opposed to a punitive damages award that's [107] times larger than the actual damages." The district court concluded that the award violated Defendant CULL's due process rights, and that the ratio of 107:1 indicated the jury was mistaken when determining the award.

**{9}** Having reviewed the record and the district court's order, we adopt the district court's punitive damages analysis and its conclusion that the punitive damages award was excessive as a matter of law. Accordingly, we affirm the district court's remittitur.

## D.    Issue 7: Prejudgment Interest

**{10}** Plaintiff next argues that the district court erred in awarding her prejudgment interest at a rate of 8.75 percent to accrue from the date the case was dismissed for lack of prosecution to the entry of judgment.

**{11}** NMSA 1978, Section 56-8-4(B) (2004) provides that the district court "in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering, among other things: (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff." The district court noted that Plaintiff "did occasion some delay," that 8.75% is "the typical award of prejudgment interest in case like this," and that it did not "see a justification for the ten percent." Plaintiff argues that prejudgment interest must run from the date the complaint is filed under Section 56-8-4(B). We disagree. Under Section 56-8-4(B), both the rate of prejudgment interest and the date on which it begins to accrue are discretionary matters, subject to statutory ceilings. The interest rate has a ceiling of 10%, and the date upon which it begins to accrue may occur, at the earliest, when the complaint is filed (unless a statute or common law permits a different time for accrual). *See* § 56-8-4(B), (C). Plaintiff has not shown any abuse of discretion by the district court in either its selection of the prejudgment interest rate or the time from which it is computed.

## E.    Issue 8: Attorney Fees

**{12}** Plaintiff argues that the district court erred in refusing to award all of her requested attorney fees. To the extent we understand her argument, Plaintiff maintains that her fees were reasonable, she segregated the work done on the successful UPA claim from the other unrecoverable work, and she was not required to keep contemporaneous time records. On cross-appeal, Defendant CULL argues that the district court erred by awarding any attorney fees to Plaintiff at all. Defendant CULL contends that Plaintiff did not prove that her requested attorney fees were reasonable.

**{13}** The district court, in its order awarding attorney fees, considered all of the objective criteria outlined in Rule 16-105(A) NMRA and made detailed findings on the record at the hearing and in its written order. *See In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 77, 140 N.M. 879, 149 P.3d 976. The court found that little effort had been expended by Plaintiff during the first two years of the case, the issue was not complex and did not require specialized skill, the requested fees and the result obtained were disproportionate, and Plaintiff had little experience, making her hourly fee unreasonable. *See id.* The district court additionally found that Plaintiff had not "segregated" the time spent on the UPA claim—the claim that permitted the fee award—or specifically argued how the work for the UPA claim was "inextricably intertwined" with the work on the other claims. As such, the district court found that the "total of attorney fees requested were not reasonable and must be reduced."

**{14}** Plaintiff has not explained how the district court's reduced award of attorney fees was an abuse of discretion. We note as well that she does not direct us to anywhere in the record where she demonstrated either segregation of her work or that the claims were intertwined. Likewise, Defendant CULL has failed to show that the district court erred when it awarded fees to Plaintiff. Defendant CULL reiterates its argument from the district court proceedings that Plaintiff did not meet her burden to establish the award and document the appropriate hours. However, we are unable to perceive an argument on appeal establishing that the district court abused its discretion in awarding Plaintiff's attorney fees. The district stated its rationale for the award on the record during the hearing on Plaintiff's fee petition. While the district court noted that determining the amount of the award was complicated, it nevertheless recognized that Plaintiff had put a fair amount of work into the case. On that basis, the district court determined what was reasonable under the circumstances. Given this articulation, and after reviewing the record, we hold that the district court did not abuse its discretion in awarding Plaintiff's fees or in denying Plaintiff the full amount she requested. *See Lenz v. Chalamidas*, 1991-NMSC-099, ¶ 2, 113 N.M. 17, 821 P.2d 355 ("Award of attorney fees rests in the discretion of the trial court and this court will not alter the fee award absent an abuse of discretion.").

## F.     Issue 9: Costs

**{15}** Plaintiff argues that the district court erred in not granting Plaintiff all of the costs she requested. In awarding costs, the district court grounded its decision in Rule 1-054 NMRA, which governs allowable costs. The district court denied some of Plaintiff's requested costs including costs for the mediation fee, Plaintiff's mock trial focus group, and research conducted by another attorney as disallowed under Rule 1-054. In addition, the district court reduced Plaintiff's requested costs for one of her experts because most of his testimony was excluded and Plaintiff had made no attempt to parse out the work that pertained to the testimony elicited at trial.

**{16}** Plaintiff does not demonstrate how the district court erred when it reduced the amount of her requested costs, denied her supplemental motion, or denied her motion to reconsider. In addition, Plaintiff cites no authority to support any of her contentions

that would entitle her to the full amount requested. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."). After reviewing the record and the district court's order on Plaintiff's motion for costs, we conclude that the district court did not abuse its discretion.

## II.  Defendants' Cross-Appeal

### A.  Excusable Neglect and Gross Negligence Under Rule 1-060(B)

**{17}**  Defendant CULL argues that it should not be held accountable for the actions of Defendants' attorney. We conclude there is no basis for relief under either Rule 1-060(B)(1) or (B)(6).

**{18}**  Defendant's first argument regarding excusable neglect provides no basis for reversal. Rule 1-060(B)(1) states, "On motion and on such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" Whether a party's failures constitute excusable neglect requires an equitable determination that "consider[s] all relevant circumstances related to a party's neglect." *Kinder Morgan CO2 Co., L.P. v. N.M. Tax'n & Revenue Dept.*, 2009-NMCA-019, ¶¶ 12-13, 145 N.M. 579, 203 P.3d 110. Those circumstances include "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* ¶ 12 (alteration, internal quotation marks, and citation omitted). Courts are required to "balance interests of finality versus relief from unjust judgments." *Id.* ¶ 10.

**{19}**  Defendants argue there was no prejudice to Plaintiff because their motion for reconsideration came only two months after the district court's order imposing sanctions and this "was not a case of a deliberate strategy or an unreasonable reliance on new or inexperienced counsel." They further argue that upon learning of the discovery failures they immediately secured new counsel to remedy the situation and that "[t]hese actions negate any prejudice to [Plaintiff] in this matter." We disagree.

**{20}**  The neglect by Defendants' initial attorney in this case was extreme. The record shows that the initial defense counsel completely failed to participate in discovery requests and failed to appear in court for appointed hearings. We agree with the district court, which, when denying Defendants' motion to reconsider, stated that "under [Rule 1-0]60(B)(1), the attorney's failures here were remarkable. . . . The sheer number of instances where there was a problem precludes a finding that this was excusable conduct." The district court continued, explaining, "It's not a one-off. . . . It's not one failure. It's a history and a pattern of problems. And so there's nothing to meet the standard of excusable." Accordingly, we conclude that the district court did not abuse its discretion in denying Defendants' motion to reconsider. *See Kinder Morgan CO2 Co.,*

2009-NMCA-019, ¶ 13 (explaining that "we recognize that the district court's intimate familiarity with [the] circumstances puts it in a better position than an appellate court to determine whether a party truly failed to actively pursue a claim"); *Mendoza v. Mendoza*, 1985-NMCA-088, ¶ 24, 103 N.M. 327, 706 P.2d 869 ("In ruling on a motion under Rule [1-0]60(B), the [district] court has discretion, within the confines of justice, to decide and act in accordance with what is fair and equitable."); *see also Padilla v. Estate of Griego*, 1992-NMCA-021, ¶ 16, 113 N.M. 660, 830 P.2d 1348 (explaining that the district court did not abuse its discretion because the pattern of neglect by defense counsel was not excusable).

**{21}** Defendant CULL argues in the alternative that it should not have been held responsible for the actions of its attorney because the attorney's failings constituted gross negligence under Rule 1-060(B)(6). Rule 1-060(B)(6) "provides a reservoir of equitable power to do justice in a given case, but it is limited to instances where there is a showing of exceptional circumstances." *Meiboom v. Watson*, 2000-NMSC-004, ¶ 31, 128 N.M. 536, 994 P.2d 1154 (internal quotation marks and citation omitted). "[W]hen an attorney's failure rises to the level of *gross negligence*, the trial court may find exceptional circumstances" that would warrant relief under Rule 1-060(B)(6). *Resol. Tr. Corp. v. Ferri*, 1995-NMSC-055, ¶ 18, 120 N.M. 320, 901 P.2d 738. However, "a movant must demonstrate that he or she was diligent in pursuing all claims but was thwarted in those efforts by the gross negligence of the attorney." *Id.* ¶ 19; *see Adams v. Para-Chem. S., Inc.*, 1998-NMCA-161, ¶ 14, 126 N.M. 189, 967 P.2d 864.

**{22}** Defendant CULL has failed to demonstrate that any of Defendants were diligent in pursuing their claims and thus, were thwarted by the conduct of their attorney. Rather, Defendants admitted to having a hands-off relationship with their attorney as had been their custom over almost twenty years of working together. However, while infrequent communication may have been the norm for Defendants when working with counsel, it is insufficient to establish that they were diligent in pursuing their claims. Approximately thirty-one months passed between September 2013, when Defendants were informed that counsel had successfully overcome a motion for default judgment and had answered the complaint, to May 2016 when Defendants received a "bombshell" letter alerting them to the plethora of discovery violations that had occurred. We conclude that thirty-one months is an unreasonable amount of time for Defendants not to have had contact with their attorney concerning the status of the lawsuit. *See Adams*, 1998-NMCA-161, ¶ 23 (explaining that "twenty-two months is an unreasonable length of time and [the d]efendant ha[d] failed to demonstrate personal diligence as a matter of law"). Accordingly, the district court did not abuse its discretion in denying Defendants' motion for reconsideration under Rule 1-060(B)(6).

**B.     The District Court Did Not Err in Failing to Distinguish Between the Acts of Each Defendant**

**{23}** Defendant CULL argues that Plaintiff, in her complaint, did not allege any specific acts or omissions against CULL, only against Defendants DSU and DSA. Defendant CULL maintains that "there was absolutely no evidence to demonstrate the relationship

between the three Defendants" and as such, argues "[t]here was no basis for liability of CULL or damages against CULL for breach of contract or violations of the UPA or UIPA." Defendant CULL concludes that the district court committed reversible error in failing to distinguish between the three Defendants and by failing to ask the jury to determine Defendant CULL's proportion of fault. We disagree.

{24}    The record contains evidence that Defendants DSU and DSA were acting as agents of Defendant CULL. First, Defendant DSU, in an affidavit, explained its relationship to both Defendant DSA and Defendant CULL. Defendant DSU stated that it owns its sister company, DSA, and that DSU "is a managing general agent that writes personal and commercial lines of insurance through [CULL]." The affidavit further explained that "DSU takes the lead on claims and updates [CULL] as needed. All communications with [CULL] regarding claims and litigation on policies that we hold go through my office."

{25}    Second, Defendants, during discussions regarding jury instructions, never objected to the special verdict form or special interrogatories that instructed the jury as to how to allocate damages. Lastly, Defendants raised similar arguments in their motion for judgment as a matter of law, i.e., that Defendant CULL should not be liable for the acts of the other Defendants. The district court, however, determined that "[CULL] owed a nondelegable duty to Plaintiff and is liable for the conduct of its agents." Defendant CULL has not addressed this finding on appeal and has otherwise failed to show how the district court erred. As such, we affirm.

{26}    To the extent Defendant CULL argues that Plaintiff did not present sufficient evidence of causation linking Defendant CULL's conduct to Plaintiff's damages, this argument also appears to be grounded in Defendant CULL's position that there is no evidence of an agency relationship. We reject this argument for the reasons stated above.

**CONCLUSION**

{27}    For the foregoing reasons, the district court's final judgment is affirmed.

{28}    **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**